**RY/EH, INC., Appellant,**

v.

**ARTHUR TREACHER'S, INC., Appellee.**

[Cite as *RY/EH, Inc. v. Arthur Treacher's, Inc.* (1996), 115 Ohio App.3d 332.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 157.

Decided Nov. 18, 1996.

*Mark A. Beatrice,* for appellant.

*Debra S. Hill,* for appellee.

GENE DONOFRIO, Judge.

Plaintiff-appellant, RY/EH, Inc., appeals from an order of the Mahoning County Common Pleas Court dismissing its complaint against defendant-appellee, Arthur Treacher's, Inc., based upon the applicable statute of limitations.

This case involves a franchise agreement entered into between appellant, the franchisee, and appellee, the franchisor. A brief review of the relevant statutes is helpful to an understanding of this case on appeal.

R.C. 1334.02 provides:

"In connection with the sale or lease of a business opportunity plan, no seller or broker shall fail to provide to a prospective purchaser, at least ten business days prior to the execution of an agreement selling or leasing a business opportunity plan, a written disclosure document.

"(A) The disclosure document shall carry a cover sheet showing only the name of the seller, the date the disclosure statement was prepared, and the following notice in at least sixteen-point boldface type:

" 'READ THIS CAREFULLY * * *

" * * *

"(B) Immediately after, on a sheet which shall immediately follow the cover sheet, the disclosure document shall be captioned in at least sixteen-point boldface type 'disclosures required by Ohio law' and contain at least the following information:"

Subsection (B) goes on to list at least twenty-one disclosures that must be made by the seller. That subsection also specifies certain attachments which must be included with the disclosure statement.

R.C. 1334.06 provides:

"(A) Every agreement selling or leasing a business opportunity plan shall be in writing and a copy of the executed agreement and all other documents the seller requires the purchaser to sign shall be given to the purchaser at the time they are signed. The agreement shall contain at least the following:

" * * *

"(7) Notice of the purchaser's right to cancel the agreement in at least ten-point boldface type, in the following form and in close proximity to the space reserved in the agreement for the signature of the purchaser:

" 'You, the purchaser, may cancel this transaction at any time prior to midnight of the fifth business day after the date you sign this agreement. See the attached notice of cancellation for an explanation of this right.'

" * * *

"(D) Until the seller has complied with this section, the purchaser may cancel the agreement by notifying the seller by mailing, delivering, or telegraphing written notice to the seller of the purchaser's intention to cancel. *The five-day period within which the purchaser may cancel the agreement prescribed by this section begins to run from the time the seller complies with divisions (A), (B), and (C) of this section.*"   (Emphasis added.)

R.C. 1334.09 provides:

"(A) For a violation of sections 1334.01 to 1334.15 of the Revised Code, a purchaser has a cause of action and may in an individual action, rescind the transaction and recover, if he is found to have been damaged, three times the amount of actual damages or ten thousand dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended."

R.C. 1334.10 provides:

"(C) No action under sections 1334.01 to 1334.15 of the Revised Code may be brought to recover for a transaction more than five years after the occurrence of the violation."

On April 11, 1989, appellant and appellee entered into a franchise agreement for the use of the Arthur Treacher's trade names and logos at an Arthur Treacher's restaurant.   Appellant paid appellee $15,000 under the agreement.

On March 8, 1995, appellant filed the instant case against appellee.   In its complaint for a money judgment, appellant alleged that, in connection with the franchise agreement, appellee had failed to provide appellant with the written disclosure document required by R.C. 1334.02.   Appellant also alleged that appellee had failed to include in its franchise agreement the notice of cancellation required by R.C. 1334.06(A)(7).   As a result of these alleged violations, appellant set forth in its complaint that it was electing to rescind the agreement, presumably under R.C. 1334.09(A), and requested judgment in the amount of all payments made under the agreement.

Appellee subsequently filed a motion to dismiss based upon the five-year statute of limitations set forth in R.C. 1334.10(C).   Appellee argued in its motion that since the franchise agreement had been executed on April 11, 1989, the complaint was time-barred.

After the trial court sustained the motion to dismiss based upon the statute of limitations, appellant filed the instant appeal.

█   Appellant's sole assignment of error is:

"The court erred in dismissing the complaint upon a determination that the five year statute of limitation of O.R.C. § 1334.10(C) expired when defendant failed to provide and continued to fail to provide the notice required under O.R.C. § 1334.06(A) and (B) as alleged in plaintiff's complaint."

Appellant argues that, under the plain language of R.C. 1334.06(D), as set forth above, the five-day period within which it was entitled to rescind the franchise agreement never began to run since appellee never provided the notice of cancellation required by R.C. 1334.06(A)(7). Appellant argues that the violation of R.C. 1334.06(A)(7) continues as of today since the notice of cancellation has never been given. Appellant thus argues that the complaint was, and still is, timely. Conversely, appellee argues that appellant's cause of action accrued on the date the parties entered into the franchise agreement.

Case law construing R.C. Chapter 1334 is sparse. However, it has been noted that the purpose of the Ohio Business Opportunity Purchasers Protection Act, which became effective in 1979, is to provide an adequate remedy to those who have been misled by dishonest or negligent franchisors. See *Peltier v. Spaghetti Tree, Inc.* (1983), 6 Ohio St.3d 194, 196, 6 OBR 249, 251–252, 451 N.E.2d 1219, 1221, citing 41 Ohio St.L.J. 477, 498 (1980). Accordingly, its provisions should be read so as to encourage compliance by franchisors and to provide an available remedy to franchisees in the event of noncompliance.

█ Statutes of limitations are remedial in nature and, as such, should be given a liberal construction to permit the deciding of cases on their merits. See *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 61 O.O.2d 295, 290 N.E.2d 181; R.C. 1.11. R.C. 1334.10(C) specifically provides that no action under R.C. Chapter 1334 shall be brought more than five years after the occurrence of the violation. That statute, being *in pari materia* with R.C. 1334.06(D), must be read in such a way as to give effect and meaning to both statutes. See, generally, *United Tele. Co. v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, 1130–1131; *Johnson's Markets, Inc. v. Dept. of Health* (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018, 1024–1025. R.C. 1334.06(D) provides that the five-day period within which the purchaser may cancel the agreement begins to run from the time the seller makes the disclosures and gives the notice required by 1334.06(A). By implication, if the seller never makes the disclosures and never gives the notice of cancellation, the violation is a continuing one and the time for cancellation never begins to run.

To read these statutes as urged by appellee would allow a franchisor to completely disregard all of the state's disclosure requirements and then argue, as appellee has here, that the franchisee did not timely pursue its remedies even though it didn't have notice of those remedies because the franchisor did not comply with its duty to so inform the franchisee under the Act. In our view, such

a reading frustrates the purposes of the Act, does nothing to encourage compliance therewith, and leaves an unsophisticated franchisee without an available remedy.

We note that appellee denied below that it failed to comply with the disclosure and notice requirements set forth in R.C. Chapter 1334. On remand, a determination must be made in this regard since if the disclosures and notices were made and given, the result herein would be different. However, based upon the record before us, we find that the trial court erred in finding appellant's complaint to be time-barred.

Appellant's assignment of error is with merit.

The judgment of the trial court is hereby reversed and the cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment accordingly.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.