DECISION
{¶ 1} Relator, Troy A. Westhoven, filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his motion for the payment of medical bills and to enter an order granting his motion.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that Ohio Adm. Code 4123-3-23 is ambiguous, and therefore the commission erred in its determination that relator's motion for payment of medical bills was time-barred under said provision. Thus, the magistrate recommended that this court grant the requested writ of mandamus and order the commission to vacate its order denying relator's motion for payment of medical bills, and to issue a new order that adjudicates the merits of relator's motion. The commission has filed objections to the magistrate's decision arguing that Ohio Adm. Code 4123-3-23 is not ambiguous and that the magistrate erred in so finding.
 {¶ 3} Having made an independent review of this matter, we adopt the magistrate's findings of fact. We find that the threshold issue before us is whether Ohio Adm. Code 4123-3-23 is ambiguous.
 {¶ 4} Ohio Adm. Code 4123-3-23 states:
Fee bills requesting payment for medical or other services rendered in a claim shall be filed with the bureau or commission within two years of the date on which the service was rendered or shall be forever barred. In cases where the claim was disallowed and by later action is allowed, such fee bill shall be filed within six months from the date of the mailing of the final order allowing the claim or be forever barred. Thus, a fee bill to be timely filed, must be filed either within two years from the date services were rendered or within six months from the date of the mailing of the final order of allowance of claim, whichever period of time is longer, or be forever barred.
 {¶ 5} We find no ambiguity between the second and third sentences of the rule. The rule states that requests for payment of medical or other services rendered in a claim shall be filed within two years of the date of services rendered. The only exception is for a claim that was disallowed, and then allowed by a later action, which is not the situation in the case sub judice. Thus, we find that the commission gave the above-stated rule the proper interpretation, and thereby was correct in denying payment of medical bills for services rendered from May 31, 2000 to June 2, 2000.
 {¶ 6} Following an independent review of this matter, we do not find relator's position well-taken. Thus, contrary to relator's arguments, even aside from the ambiguity argument, we find no basis upon which to adopt the magistrate's decision.
 {¶ 7} For the foregoing reasons, we sustain respondent's objections, and deny the requested writ of mandamus.
Objections sustained; writ of mandamus denied.
Klatt, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Troy A. Westhoven, : Relator, : :
v. : No. 05AP-179 :
William C. Yost, Yost Landscaping and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 16, 2005 Williams Reynolds, and Brian R. Williams, for relator.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 8} In this original action, relator, Troy A. Westhoven, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his motion for the payment of medical bills and to enter an order granting his motion.
Findings of Fact:
 {¶ 9} 1. On May 31, 2000, relator was involved in a motor vehicle collision while acting in the course of his employment. On that date, relator, who was seventeen years of age at the time, was transported to Toledo Children's Hospital for surgical repair of lacerations to his right upper eyelid and eyebrow, right cheek and right lower lip.
 {¶ 10} 2. On May 6, 2002, relator filed a claim for workers' compensation benefits.
 {¶ 11} 3. On May 23, 2002, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order allowing the industrial claim for "open wound lip; open wound right cheek; open wound right ocular adnex."
 {¶ 12} 4. The employer administratively appealed the May 23, 2002 bureau order allowing the claim.
 {¶ 13} 5. Following a July 2, 2002 hearing, a district hearing officer ("DHO") issued an order modifying the bureau's order. The DHO additionally allowed the claim for "left knee contusion; lumbosacral strain; sacroiliac joint strain (right)."
 {¶ 14} 6. The employer administratively appealed the DHO order of July 2, 2002.
 {¶ 15} 7. Following a September 3, 2002 hearing, a staff hearing officer ("SHO") issued an order affirming the allowances of the claim.
 {¶ 16} 8. The employer filed a notice of appeal from the SHO order of September 3, 2002. On October 31, 2002, another SHO mailed an order refusing the employer's appeal.
 {¶ 17} 9. On December 9, 2002, relator moved for the payment of medical bills.
 {¶ 18} 10. Following a July 24, 2003 hearing, a DHO issued an order denying relator's motion for the payment of medical bills. The DHO's order explains:
The injured worker is requesting payment of medical bills for the period 5/31/00 to 6/2/00. The motion requesting payment was filed 12/9/02, over 2 years after the date of injury. In this case, the claim was filed on 5/6/02, just inside the statute of limitations. The final adjudication of the allowance occurred on October 3, 2002 [sic], by order of the Staff Hearing Officer.
Though, the injured worker requests the bills be paid, there is no evidence that the bills were submitted within the 2 year time established by law.
 {¶ 19} 11. Relator administratively appealed the DHO order of July 24, 2003. Following a September 4, 2003 hearing, an SHO issued an order stating:
The order of the District Hearing Officer, from the hearing dated 07/24/2003, is modified to the following extent.
Therefore, the C-86, filed 12/9/02, is denied.
* * *
The injured worker is requesting payment of medical bills for the period 5/31/00 to 6/2/00. The motion requesting the payment was filed 12/9/02, over 2 years after the Date of Service.
In this case, the claim application was not filed until 5/6/02, just inside the Statute of Limitations O.R.C. 4123.84. The claim was allowed through the entire administrative process, despite Employer appeals and hearings. The final order of the Industrial Commission allowing the claim was 10/31/02.
O.A.C. 4121-3-23 specifically states,
"Fee bills requesting payment for medical or other services rendered in a claim shall be filed with the bureau or commission within two years of the date on which the service was rendered or shall be forever barred."
(Emphasis added)
The only exception is for a claim which was disallowed and by later action allowed. (i.e. Court order of right to participate.)
That was not the case herein. The claim was allowed by the Bureau of Workers Compensation 5/23/02, by District Hearing Officer 7/2/02 and by Staff Hearing Officer 9/3/02, and Commission refusal of hearing 10/31/02. This claim has never been disallowed from the onset.
Therefore, the only exception to O.A.C. 4121-3-23 [sic] does not apply and the payment of bills is barred by this regulation.
 {¶ 20} 12. On November 4, 2003, another SHO mailed an order refusing relator's administrative appeal from the SHO order of September 4, 2003.
 {¶ 21} 13. On February 22, 2005, relator, Troy A. Westhoven, filed this mandamus action.
Conclusions of Law:
 {¶ 22} It is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 23} Ohio Adm. Code 4123-3-23 states:
Fee bills requesting payment for medical or other services rendered in a claim shall be filed with the bureau or commission within two years of the date on which the service was rendered or shall be forever barred. In cases where the claim was disallowed and by later action is allowed, such fee bill shall be filed within six months from the date of the mailing of the final order allowing the claim or be forever barred. Thus, a fee bill to be timely filed, must be filed either within two years from the date services were rendered or within six months from the date of the mailing of the final order of allowance of claim, whichever period of time is longer, or be forever barred.
 {¶ 24} Relator contends that Ohio Adm. Code 4123-3-23 is ambiguous and that the commission failed to give the rule the interpretation that would permit payment of medical bills. The magistrate agrees.
 {¶ 25} Ohio Adm. Code 4123-3-23 consists of three sentences setting forth time limitations on the filing of fee bills.
 {¶ 26} Relator's December 9, 2002 motion was untimely under the first and second sentences of the rule. However, under the third sentence, relator's motion is timely because it was filed within six months from the date of the mailing of the final order of allowance of the claim.
 {¶ 27} There is ambiguity between the second and third sentences of the rule. The third sentence begins with the word "thus," indicating it is a summary of the prior sentences. However, the third sentence fails to state that the claim must be disallowed and by later action allowed in order for the six-month provision to apply.
 {¶ 28} This court, in In re Adoption of Baby Boy Brooks
(2000), 136 Ohio App.3d 824, 828-829, had occasion to succinctly state the law of statutory construction pertinent to this case. This court stated:
As in any case of statutory construction, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996),111 Ohio App.3d 342, 349 * * * (citing Featzka v. Millcraft Paper
[1980], 62 Ohio St.2d 245 * * *). In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. State ex rel. Burrows v.Indus. Comm. (1997), 78 Ohio St.3d 78, 81 * * *; In re Collier
(1993), 85 Ohio App.3d 232, 237[.] * * * ("Under Ohio law it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent.") Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. Burrows, supra." It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute." Id.
Ambiguity in a statute exists only if its language is susceptible of more than one reasonable interpretation, See,e.g., State ex rel. Toledo Edison Co. v. Clyde (1996),76 Ohio St.3d 508, 513[.] * * * Thus, inquiry into the legislative intent, legislative history, public policy, the consequences of an interpretation, or any of the other factors identified in R.C.1.49 is inappropriate absent an initial finding that the language of the statute is, itself, capable of more than one meaning. See,e.g., Toledo, supra; see, also, Fairborn v. DeDomenico
(1996), 114 Ohio App.3d 590, 593 * * * ("R.C. 1.49 does not, however, authorize judicial inquiry into legislative intent where the statute is unambiguous"); see, also, In re Collier, supra,
at 237[.] * * * ("Courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used.") Thus, a court's understanding of legislative intent alone cannot make an otherwise clear statute ambiguous.
 {¶ 29} Applying this court's pronouncement of law, it appears that the second and third sentences are in conflict over the six-month provision. The second sentence requires that the claim be disallowed and by later action allowed. The third sentence omits the claim disallowance requirement.
 {¶ 30} In denying relator's motion, the commission in effect ignored the ambiguity and simply applied the second sentence of the rule in determining that the motion was untimely filed.
 {¶ 31} Statutes of limitations are remedial in nature and, as such, should be given a liberal construction to permit the deciding of cases on their merits. RY/EH, Inc. v. ArthurTreachers, Inc. (1996), 115 Ohio App.3d 332; Cincinnati Ins.Co. v. Alcorn (1993), 91 Ohio App.3d 165.
 {¶ 32} R.C. 4123.95 provides that the workers' compensation statutes shall be liberally construed in favor of employees and the dependents of deceased employees.
 {¶ 33} R.C. 4123.95 requires that the ambiguity of Ohio Adm. Code 4123-3-23 be resolved in favor of the broader language of the third sentence of the rule.
 {¶ 34} Given the above analysis, it is clear that the commission erred in its determination that relator's motion for payment of medical bills was time-barred under Ohio Adm. Code4123-3-23.
 {¶ 35} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying relator's motion for payment of medical bills, and to issue a new order that adjudicates the merits of relator's motion.