## CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS
*August 29, 2006*

[Cite as *08/29/2006 Case Announcements,* 2006-Ohio-4433.]

## MISCELLANEOUS DISMISSALS

**2006–0447. State ex rel. Westhoven v. Yost.**
Franklin App. No. 05AP–179, 2006-Ohio-211. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. Upon consideration of appellant's application for dismissal,

It is ordered by the court that the application for dismissal is granted. Accordingly, this cause is dismissed.

## CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS
*August 30, 2006*

[Cite as *08/30/2006 Case Announcements #2,* 2006-Ohio-4474.]

## MERIT DECISIONS WITHOUT OPINIONS

**2006–1554. Gensley v. Eberlin.**
In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus. Upon consideration of the petition and the return of writ,

IT IS ORDERED by the court that the writ be granted and that the petitioner is immediately released based upon the court's decision in *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. "[N]othing in [the applicable version of] R.C. 2967.28 authorizes the Adult Parole Authority to exercise its postrelease-control authority if postrelease control is not imposed by the *trial court* in its sentence." (Emphasis sic.) Id. at ¶ 18. Petitioner's sentencing entries failed to specify that the trial court was imposing a term of postrelease control, and his sentence expired before Am.Sub.H.B. No. 137 (2006) took effect.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.
LUNDBERG STRATTON, J., dissents and would dismiss the petition.

## CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS
*August 31, 2006*

[Cite as *08/31/2006 Case Announcements,* 2006-Ohio-4473.]

## DISCIPLINARY CASES

**2005–2341. Disciplinary Counsel v. Mogul.**
This cause came on for further consideration upon the filing by relator of a motion to appear and show cause. Respondent filed a response to relator's motion and included a motion to dismiss for lack of subject matter jurisdiction and a motion to bring up the record. Upon consideration thereof,

It is ordered by this court that respondent's motion to dismiss and motion to bring up the record are denied as moot.