OPINION
{¶ 1} Defendant-appellant, Christopher Tyson, appeals his conviction in the Warren County Court of Common Pleas for escape.
 {¶ 2} On September 25, 2003, after appellant was convicted of one count of burglary (a felony of the third degree), two counts of receiving stolen property (a felony of the fourth degree), and one count of theft (a felony of the fifth degree), the Montgomery County Court of Common Pleas sentenced appellant to a total of 18 months in prison. Each of the four sentencing entries included the following post-release control language:
 {¶ 3} "The Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board;
 {¶ 4} "Should the defendant violate any post-release control sanction or any law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself."
 {¶ 5} Upon completion of his prison sentence in November 2004, appellant was placed on post-release control for three years. On January 10, 2005, and again on May 9, 2005, appellant failed to meet with his parole officer. As a result, he was charged with escape, on the basis he broke detention by failing to report to his parole officer pursuant to the terms of his post-release control. Appellant pled no contest to the escape charge and was sentenced by the trial court. This appeal follows in which appellant raises the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED BY CONVICTING APPELLANT OF ESCAPE FOR HIS FAILURE TO COMPLY WITH THE TERMS OF POST RELEASE CONTROL WHERE THE TERMS [OF] POST-RELEASE CONTROL HAD NOT BEEN PROPERLY INCORPORATED INTO THE SENTENCING ENTRIES ON THE UNDERLYING CHARGES."
 {¶ 7} Appellant argues that because the Montgomery County Common Pleas Court failed to properly include the term of post-release control in its four sentencing entries, the Adult Parole Authority did not have authority to place him on post-release control. As a result, because he could not be placed on post-release control, he could not be convicted of escape for failure to report to his parole officer. Appellant seems to argue that the terms of his post-release control were not properly incorporated into the sentencing entries because the entries did not indicate the length of time ordered for post-release control and whether that time would be optional or mandatory.
 {¶ 8} "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 15. "Consequently, unless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it." Id. at ¶ 20.
 {¶ 9} In Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, the Ohio Supreme Court denied a writ of habeas corpus to compel the release of 12 petitioners who were in prison for violating the terms of their post-release control. Like appellant, two of the petitioners, John Ivy and Joseph Ramey, were initially convicted and sentenced by the Montgomery County Common Pleas Court. The post-release control language that the Montgomery County Common Pleas Court included in petitioners Ivy's and Ramey's sentencing entries was identical to the post-release control language included in appellant's four sentencing entries. All 12 petitioners claimed that their sentencing entries failed to incorporate adequate notice of post-release control in their sentences. As a result, they challenged "the authority of the Adult Parole Authority to place them on post-release control and sanction them for violations of that control in the absence of appropriate language in their sentencing entries." Id. at ¶ 41.
 {¶ 10} The supreme court found that the petitioners' sentencing entries contained sufficient language to authorize the Adult Parole Authority to exercise post-release control over the petitioners, and denied the writ. Id. at ¶ 53. According to the supreme court,
 {¶ 11} "By contrast [to the sentencing entry in Hernandez which contained no reference to post-release control], the sentencing entries for the petitioners here specified that postrelease control was, at a minimum, discretionary and was part of their sentences. * * * The sentencing entries for petitioners Ivy and Ramey stated that `[following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board.' * * *
 {¶ 12} "While these entries erroneously refer to discretionary instead of mandatory postrelease control, they contain significantly more information than any of the sentencing entries held insufficient by the court in Hernandez (no reference to postrelease control), Adkins [v.Wilson, 110 Ohio St.3d 1454, 2006-Ohio-4275] (no reference to postrelease control), and Gensley [v. Eberlin, 110 Ohio St.3d 1474,2006-Ohio-4474] (vague reference about petitioner's understanding of possible penalties). Consequently, the sentencing entries are sufficient to afford notice to a reasonable person that the courts were authorizing postrelease control as part of each petitioner's sentence. A reasonable person in the position of any of the petitioners would have had sufficient notice that postrelease control could be imposed following the expiration of the person's sentence. Any challenge to the propriety of the sentencing court's imposition of postrelease control in the entries could have been raised on appeal." Id. at ¶ 50-51.
 {¶ 13} In light of the foregoing, we find that notification of post-release control was properly incorporated in appellant's four sentencing entries from the Montgomery County Common Pleas Court. But, see, id. at ¶ 59 (Lanzinger, J., dissenting) (notice received by petitioners was neither proper nor adequate; length of time ordered for post-release control and whether that time is optional or mandatory should be part of a defendant's post-control release notification). Because the sentencing entries contained sufficient language to authorize the Adult Parole Authority to place appellant on post-release control, appellant could be convicted of escape for failure to report to his parole officer. The assignment of error is overruled.
 {¶ 14} Judgment affirmed.
POWELL, P.J. and WALSH, J., concur.