DECISION. *Page 2 
{¶ 1} Defendant-appellant James Bond contends that he was never properly sentenced to post-release control and, therefore, that he is not subject to it. Based on the Ohio Supreme Court's decision inState v. Bezak,[1] we have no choice but to sustain this appeal.
 {¶ 2} In 1999, the trial court sentenced Bond to eight years' incarceration for the commission of a first-and a second-degree felony, but it failed to inform him of post-release control. To correct this error, in 2006 Bond was returned to court under R.C. 2929.191. The trial court did not conduct a new sentencing hearing. It instead personally informed Bond of post-release control, ordered mandatory post-release control for a five-year period, and ended the hearing. The court later journalized an entry sentencing Bond to post-release control and to eight years' incarceration. It credited him with time served. Bond has since completed his entire prison term.
 Bond was Never Sentenced to Post-Release Control {¶ 3} Bond contends in his first assignment of error that the trial court never properly imposed post-release control. We find that this argument has merit.
 {¶ 4} In Bezak, supra, the court held that "[w]hen * * * postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense."[2]
 {¶ 5} It is not disputed that the trial court failed to inform Bond of post-release control when it attempted to impose a sentence in 1999. Under Bezak, the 1999 sentence was void.[3] And the trial court did not properly sentence Bond in 2006 because it failed to conduct a de novo sentencing hearing.[4] Bond can not now be resentenced for *Page 3 
his crimes because his prison term has expired.[5] We therefore sustain Bond's first assignment of error and hold that there is no proper sentence in this case imposing post-release control.
 Am. Sub. H.B. No. 137 Does not Apply {¶ 6} Bond argues in his second assignment of error that post-release control imposed without a sentence specifically ordering it violates the separation-of-powers doctrine. He contends that the amendments to the Revised Code enacted by Am. Sub. H.B. No. 137 are unconstitutional in this regard. We sustain Bond's argument to the extent that the separation-of-powers doctrine precludes the imposition of post-release control in this case. But we do not rule on the constitutionality of Am. Sub. H.B. No. 137.
 {¶ 7} In part, Am. Sub. H.B. No. 137 amended R.C. 2967.28(B) to provide that, for any sentence imposed on or after July 11, 2006, a trial court's failure to inform an offender of mandatory post-release control does not negate or otherwise affect the imposition of it. Bond contends that this is unconstitutional. But this code section does not apply to him. Bond therefore has no standing to attack it, and we decline to address this argument.[6]
 {¶ 8} We conclude, in fact, that the amendments to the code enacted by Am. Sub. H.B. No. 137 do not apply at all. While Bond was returned to court under R.C. 2929.191, which was created by Am. Sub. H.B. No. 137, according to Bezak he was never properly sentenced under that provision and now can not be.[7] We therefore look to case law interpreting the issue presented before that bill came into effect. *Page 4 
 Separation-of-Powers Doctrine pre-H.B. 137 {¶ 9} In Hernandez v. Kelly,[8] the Ohio Supreme Court held that, under the separation-of-powers doctrine, the Adult Parole Authority can not impose post-release control without authorization from the judicial branch of government. The court decided Hernandez before Am. Sub. H.B. No. 137 became effective. Because of the particular posture of Bond's case, we find Hernandez, supra, to be controlling.[9] Bond's second assignment of error is sustained to the extent that imposing post-release control in this case violated the separation-of-powers doctrine.
 {¶ 10} The trial court's judgment imposing post-release control is vacated because Bond was never given a de novo sentencing hearing as required by Bezak. This cause is remanded for the trial court to order the termination of Bond's post-release control.
Sentence vacated in part and cause remanded.
[1] 114 Ohio St.3d 94, 2007-Ohio-3250, N.E.2d.
[2] Id. at syllabus.
[3] Id. at syllabus.
[4] Id. at syllabus.
[5] Id. at ¶ 18; State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 29.
[6] See State ex rel. Ohio Academy of Trial Lawyers v. Sheward,86 Ohio St.3d 451, 469-470,1999-Ohio-123, 715 N.E.2d 1062; Anderson v.Brown (1968), 13 Ohio St.2d 53, 233 N.E.2d 584, paragraph one of the syllabus.
[7] See Bezak, supra, at ¶ 18; Cruzado, supra, at ¶ 29.
[8] 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶¶ 19-20; see, also, State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864; Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103.
[9] See Gensley v. Eberlin, 110 Ohio St.3d 1474, 2006-Ohio-4474,853 N.E.2d 313.
 PAINTER, P.J., and WINKLER, J., concur.