OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas resentencing defendant to a period of incarceration and post-release control following the state's motion for resentencing premised on the trial court's earlier failure to include a term of post-release control in defendant's sentence. The state assigns a single error: *Page 2 
 THE TRIAL COURT HAD NO AUTHORITY TO RECONSIDER THE LENGTHS OF DEFENDANT'S VALID PRISON TERMS.
Because the earlier sentence was void, the trial court, at resentencing, could impose a different prison term in resentencing defendant, and so we affirm.
 {¶ 2} By indictment filed May 10, 2002, defendant was charged with one count of rape and three counts of gross sexual imposition. Although defendant initially entered a not guilty plea to each of the charges, defendant withdrew his not guilty plea on November 20, 2002 and entered a guilty plea to one count of attempted rape, a felony of the second degree in violation of R.C. 2923.02 as it pertains to R.C. 2907.02, and one count of gross sexual imposition, a felony of the fourth degree in violation of R.C. 2907.03, both stipulated lesser included offenses of the indicted offenses. The state agreed to request a nolle prosequi on the remaining two counts.
 {¶ 3} At the January 16, 2003 sentencing hearing, the trial court, by agreement of the parties, labeled defendant a sexually oriented offender. After listening to statements in mitigation, the trial court imposed a sentence of six years for the attempted rape charge and 16 months for the gross sexual imposition charge, to be served concurrently; the court did not mention post-release control. The trial court, however, stated that "I have also indicated and written on the inside of the file that I will consider shock after the Defendant has done at least a year and half amount of time — between a year and a half and two years and shock him into the sex offender treatment program on the probation department." (Jan. 16, 2003 Tr. 11.) *Page 3 
 {¶ 4} On April 30, 2004, defendant filed a motion for judicial release, apparently premised on the trial court's representations that it would consider release after 18 months to two years. In the interim between sentencing and defendant's motion, the trial judge retired, and the judge who replaced her denied the motion. Specifically, the judge pointed out that defendant's motion relied on R.C. 2947.061, but the statute was repealed July 1, 1996; as a result, R.C. 2929.20 governed judicial release. The court further noted defendant was sentenced to a stated prison term of six years and, under the terms of R.C. 2929.20, was not eligible for judicial release until he served five years of his stated prison term.
 {¶ 5} On November 7, 2006, the state filed a "Motion for Re-sentencing." Prepared in response to the Ohio Supreme Court's opinion in Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, the state's motion asked the court to "either issue a corrected entry" or "set the matter for resentencing" because the trial court failed to advise defendant of post-release control or to incorporate that provision into its judgment entry. Relying on R.C. 2929.191, the state argued the trial court had authority to resentence defendant and requested "that the Court set the matter for re-sentencing and then file a Nunc ProTunc entry pursuant to R.C. 2929.191(B)(2) reflecting that a 5 year term of mandatory [post-release control] was imposed and that defendant was notified about the ramifications of violating [post-release control]."
 {¶ 6} On January 11, 2007, the trial court held a resentencing hearing. At that time, the state asked the court to sentence defendant to the same term the previous judge imposed. Acknowledging some possible misunderstanding about judicial release at *Page 4 
the time of the original sentencing, the state nonetheless pointed to defendant's guilty plea form that stated defendant was not eligible for judicial release but must serve a mandatory prison term. As to the term of imprisonment, the prosecution submitted that although it viewed the original sentence as void due to the lack of post-release control terms, the court's authority to correct the void sentence was limited to correcting only the part of the sentence that was error: "it doesn't give Court the authority to amend the valid parts of the sentence." (Jan. 11, 2007 Tr. 9.)
 {¶ 7} Notwithstanding the notations on defendant's guilty plea form, the trial court felt the prior judge not only clearly communicated at the sentencing hearing her impression that judicial release would be appropriate but also memorialized the comment on the inside of the court jacket. In addition, the trial court observed that at the original sentencing the prosecution did not recommend a sentence. It further noted the letters from defendant's family reflected a belief that defendant committed a one-time crime against a family member and was rehabilitated.
 {¶ 8} Considering those factors, the trial court imposed a sentence of three years on the attempted rape charge and 13 months on the gross sexual imposition charge, to be served consecutively. In addition, the court advised of a five-year period of post-release control following defendant's release from prison. The court journalized its resentencing in an entry filed January 12, 2007, noting the period of mandatory post-release control. In its single assignment of error, the state contends the trial court lacked the authority to resentence defendant in any respect other than to add a term of post-release control to the otherwise valid sentence the original trial judge imposed. *Page 5 
 {¶ 9} The Ohio Supreme Court addressed a very similar issue inState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. In Bezak, the court concluded that "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at syllabus.
 {¶ 10} Explaining, the court pointed to its holding in State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, that "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Bezak, supra, at ¶ 8, quoting Jordan, supra, paragraph one of the syllabus. "Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law." Id. at ¶ 9.
 {¶ 11} Bezak then noted Jordan relied on State v. Beasley (1984),14 Ohio St.3d 74, "for the proposition that `where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.'" Id. at ¶ 10. Accordingly,Jordan held that "[w]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing * * *, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at paragraph two of the syllabus. *Page 6 
 {¶ 12} Concluding that Jordan controlled, Bezak determined that because Bezak "was not informed about the imposition of postrelease control at his sentencing hearing[,] * * * the sentence imposed by the trial court is void." Bezak, at ¶ 12. "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." Id., citingRomito v. Maxwell (1967), 10 Ohio St.2d 266, 267-268.
 {¶ 13} Addressing the same argument the state makes here, the Supreme Court of Ohio observed that "in such a resentencing hearing, the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence."Bezak, at ¶ 13. As a result, "the decision to vacate Bezak's void sentence would require the trial court to resentence Bezak as if therehad been no sentence." (Emphasis sic.) Id. In accord withBezak, the trial court here properly concluded it "start[ed] at square one" in resentencing defendant, allowing the trial court to impose a term of incarceration it determined to be appropriate. (Jan. 11, 2007 Tr. 10.)
 {¶ 14} The state nonetheless contends the Supreme Court of Ohio's decision in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, requires that when a trial court resentences, it should direct itself only to the issue found to be in error. Bezak considered and rejected that contention. Instead Bezak concluded that because a sentence for an offense requiring post-release control is void, "the sentence must be vacated and the *Page 7 
matter remanded to the trial court for resentencing[,]" where "[t]he offender is entitled to a new sentencing hearing for that particular offense." Bezak, at ¶ 16.
 {¶ 15} In an effort to distinguish Bezak, the state contendsBezak is premised on an appellate court's vacating a sentence and remanding for resentencing. By contrast, the state notes, defendant was resentenced without an appellate court's decision to vacate the void sentence. The state's argument, however, ignores the quoted language from Bezak that a sentence lacking a term of post-release control is void, and the remedy is to resentence the offender for that particular offense as if "there had been no original sentence." Id.
 {¶ 16} Indeed, the First District addressed a similar argument and reached a similar conclusion in State v. Bond, Hamilton App. No. C-060611, 2007-Ohio-4194. In that case, the trial court sentenced Bond to a period of incarceration but failed to inform him of post-release control. Bond was returned to the court under R.C. 2929.191, where the trial court "did not conduct a new sentencing hearing. It instead personally informed Bond of post-release control, ordered mandatory post-release control for a five-year period, and ended the hearing. The court later journalized an entry sentencing Bond to post-release control and to eight years' incarceration." Id. at ¶ 2.
 {¶ 17} Bond noted the language in Bezak that "[w]hen * * * post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at ¶ 4. Determining Bond's original sentence was void for lack of a term of post-release control, Bond concluded the trial court did not properly resentence Bond in 2006 *Page 8 
"because it failed to conduct a de novo sentencing hearing," Id. at ¶ 5. See State v. Ryan, Hamilton App. No. C-060660, 2007-Ohio-3092
(concluding the trial court complied with the Ohio Supreme Court's recent decisions, the new amendments to R.C. 2967.28, and the newly enacted R.C. 2929.191 when it brought defendant back for a new sentencing hearing, imposed the same sentence and notified him of statutorily mandated five years post-release control); State v.Schneider, Cuyahoga App. No. 89033, 2007-Ohio-5536 (reversing the trial court for failure to conduct a de novo sentencing hearing when imposing a term of post-release control pursuant to R.C. 2929.191). So, too, the trial court here was required to conduct a de novo sentencing hearing on the two offenses for which the original judge failed to include a term of post-release control.
 {¶ 18} Lastly, the state notes R.C. 2929.191 authorizes a trial court to "correct" a sentence rendered invalid for failure to advise the defendant of post-release control. Relying heavily on the word "correct," the state contends the trial court here went beyond merely correcting the sentence and instead totally resentenced defendant to the point of modifying the terms of imprisonment from the original sentence.
 {¶ 19} Because Bezak clarifies that a void sentence is "as if there had been no original sentence," we have difficulty understanding how the state's interpretation of "correct" can apply after Bezak. While only one aspect of the original sentence may have been improper, the remedy under Bezak to "correct" the void sentence requires the trial court to resentence de novo. Indeed, the state's interpretation of "correct" to mean the trial court on resentencing has the authority only to tinker with that aspect of the sentence considered defective not only contravenes Bezak, but ascribes an unduly limited meaning *Page 9 
to "correct," as a de novo resentencing "corrects" any defect rendering the original sentence void. See State v. Lathan, Lucas App. No. L-06-1238, 2007-Ohio-5595 (concluding the corrective hearing under R.C.2929.191 "must be a full de novo resentencing hearing, rather than one in which the trial court merely provides the offender with notice of post-release control and summarily imposes the original sentence").
 {¶ 20} In the final analysis, the state's attempts to distinguishBezak are unavailing. Because Bezak controls, we overrule the state's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 SADLER, P.J., and T. BRYANT, J., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1