DECISION. *Page 2 
{¶ 1} On June 22, 2000, defendant-appellant Chester White pleaded guilty to one count of rape and one count of kidnapping in exchange for the dismissal of three counts of rape and two counts of kidnapping. White agreed to a sentence of seven years' incarceration, and he was found to be a sexual predator. At the sentencing hearing, the trial court informed White that he "may" be subject to post-release control, but the sentencing entry did not contain any post-release-control language. Apparently, White's sentence was set to expire on December 23, 2006. On September 11, 2006, White was returned to the trial court for post-release-control notification. The trial court stated, "I think all we're here for is for me to advise him that he can be placed on post-release control." The court did not conduct a new sentencing hearing. The court notified White that it was "possible" for him to be placed on post-release control. The court journalized an entry nunc pro tunc that contained language stating that White "shall" be subject to post-release control. White has appealed.
 {¶ 2} White raises five assignments of error for our review, all challenging the imposition of post-release control.
 {¶ 3} The Ohio Supreme Court held in State v. Bezak[1] that "[w] hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." The Bezak court made it clear that it is not sufficient to "summarily reimpose the original sentence."[2] Further, the Bezak court stated that "in such a resentencing hearing, the trial court may not merely inform the offender of the imposition of postrelease control and *Page 3 
automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence."[3] Therefore, the trial court is required to hold a new sentencing hearing.[4]
 {¶ 4} We held in State v. Bond[5] that where Bond was sentenced in 1999 to eight years' incarceration but was not informed of post-release control, the trial court erred under Bezak[6] when prior to the expiration of Bond's sentence in 2006 it attempted to impose post-release control under R.C. 2929.191 by merely informing Bond about post-release control without holding a new sentencing hearing. We held that because Bond had served his sentence and was no longer incarcerated at the time his appeal was decided, he could not be resentenced.[7]
Therefore, Bond was not subject to post-release control because there was no valid order imposing it.[8]
 {¶ 5} It is undisputed that the trial court in this case did not inform White about post-release control when it attempted to impose the original sentence in 2000. The court did not properly sentence White in 2006 because the court failed to conduct a new sentencing hearing.[9]
The court specifically stated at the 2006 hearing that it was merely advising White about post-release control. Therefore, the court never properly imposed post-release control upon White. According to the record, White's sentence was to expire on December 23, 2006. We are compelled to follow the Ohio Supreme Court's pronouncement inBezak and, therefore, we hold that because White's prison term has expired, he cannot now be resentenced for his crimes.[10] We hold that there is no proper sentence in this case imposing post-release control. Further, we hold pursuant to State v. *Page 4 Bond[11] that the imposition of post-release control in this case violated the separation-of-powers doctrine.
 {¶ 6} We recognize that in State v. Bankhead[12] we held that where Bankhead had not been informed about post-release control at his original sentencing hearing, R.C. 2929.191(A) permitted the trial court to hold a hearing prior to the expiration of Bankhead's sentence to notify Bankhead about post-release control without resentencing him.Bankhead was decided before the Supreme Court announced its decision inBezak. Bezak now compels us to hold that an offender who was not notified about post-release control at the original sentencing hearing is entitled to a full, de novo sentencing hearing rather than a hearing in which the trial court merely provides the offender with notice of post-release control.[13] State v. Bankhead is hereby overruled to the extent that it conflicts with our holding in this case.
 {¶ 7} The judgment of the trial court is vacated solely for the reasons set forth in this decision. The assignments of error are made moot by our disposition of this case.
 {¶ 8} The judgment of the trial court imposing post-release control is hereby vacated, and the case is remanded for the trial court to order the termination of White's post-release control and for further proceedings consistent with law and this decision.
Sentence vacated in part and cause remanded.
HENDON, P.J., and CUNNINGHAM, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus.
[2] See id. at ¶ 6; State v. Bruner, 11th Dist. No. 2007-A-0012,2007-Ohio-4767.
[3] See State v. Bezak, supra, at ¶ 13.
[4] See id.
[5] 1st Dist. No. C-060611, 2007-Ohio-4194.
[6] See State v. Bezak, supra.
[7] See State v. Bond, supra, citing Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.
[8] See id.
[9] See State v. Bezak, supra; State v. Bond, supra.
[10] See id.; State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263.
[11] See supra, citing Hernandez v. Kelly, supra, and Gensley v.Eberlin, 110 Ohio St.3d 1474, 2006-Ohio-4474, 853 N.E.2d 313.
[12] 1st Dist. No. C-060480, 2007-Ohio-1314.
[13] Accord State v. Bruner, supra. *Page 1