OPINION
{¶ 1} Brandon E. Broadnax, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied appellant a de novo sentencing hearing when it reopened his case to impose a period of post-release control ("PRC"), which had been omitted at his original sentencing.
 {¶ 2} On June 25, 2002, appellant pled guilty to attempted aggravated burglary, felonious assault with a three-year firearm specification, felonious assault, and theft. The trial court imposed a total sentence of 22 years. On June 6, 2007, in response to the Ohio *Page 2 
Supreme Court's recent decision in Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, the State of Ohio ("state"), plaintiff-appellee, filed a motion requesting the court to conduct a resentencing hearing because the trial court failed to inform appellant regarding PRC. On August 30, 2007, the trial court held a hearing pursuant to the state's motion, at which the trial court indicated its sole focus was to provide notification regarding PRC. The court then proceeded to provide appellant notice regarding PRC, despite appellant's claim that he was entitled to an entirely new sentencing hearing. On September 7, 2007, the trial court issued a nunc pro tunc entry, indicating that it had advised appellant of PRC and ordering that the sentencing entry be amended to include language regarding PRC.
 {¶ 3} Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 The trial court erred in denying Appellant a de novo sentencing hearing when it re-opened his case to impose a period of post release control, which had inadvertently been omitted.
 {¶ 4} Appellant argues in his assignment of error that the trial court erred in denying him a de novo sentencing hearing when it reopened his case to impose PRC. Appellant maintains that the trial court improperly limited the scope of the resentencing hearing to only the issue of PRC, and he was entitled to an entirely new sentencing hearing based upon the trial court's failure to advise him of PRC. In support of his claim, appellant cites this court's recent holding in State v. Bock, Franklin App. No. 07AP-119, 2007-Ohio-6276, in which we relied upon State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. *Page 3 
 {¶ 5} In Bock, the trial court imposed a sentence, but did not advise the defendant regarding PRC. Subsequently, the state filed a motion for resentencing in response to Hernandez, supra. Relying on R.C. 2929.191, the state requested that the court set the matter for resentencing and then file a nunc pro tunc entry, pursuant to R.C. 2929.191(B)(2), reflecting that a term of mandatory PRC was imposed and the defendant was notified about the ramifications of violating PRC. The trial court held a resentencing hearing. At the hearing, the state asserted that, although it viewed the original sentence as void due to the lack of PRC terms, the court's authority to correct the void sentence was limited to correcting only the part of the sentence that was error and did not give the court the authority to amend the valid parts of the sentence. The trial court disagreed and then imposed an entirely new sentence and advised the defendant regarding PRC.
 {¶ 6} The state appealed, contending the trial court lacked the authority to resentence defendant in any respect other than to add a term of PRC to the otherwise valid sentence originally imposed. In our decision, this court reviewed Bezak. In Bezak, the Ohio Supreme Court concluded that, when a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void, and the sentence must be vacated and the matter remanded to the trial court for resentencing. The court in Bezak reasoned that, because the effect of a void judgment is that such proceedings are presumed to have never occurred, the judgment is a mere nullity, and the parties are in the same position as if there had been no judgment. The court found that, in such a resentencing hearing, the trial court may not merely inform the offender of the imposition of PRC and automatically reimpose the original sentence. Rather, the effect of vacating *Page 4 
the trial court's original sentence is to place the parties in the same place as if there had been no sentence. As a result, the decision to vacate the void sentence would require the trial court to resentence the defendant as if there had been no sentence. Thus, relying uponBezak, this court determined in Bock that the trial court properly concluded it had to start at "square one" in resentencing defendant and impose any term of incarceration it determined to be appropriate. We specifically rejected the state's contention that, when a trial court resentences, it should direct itself only to the PRC issue, findingBezak explicitly considered and rejected that same contention.
 {¶ 7} In the present case, the state acknowledges that this court found in Bock that Bezak requires a trial court to hold a de novo resentencing hearing when it seeks to add PRC to an existing sentence. The state, however, submits that Bock was wrongly decided. The state has indicated that it has appealed Bock to the Ohio Supreme Court and desires to preserve its argument here in the event the present case is appealed to the Ohio Supreme Court.
 {¶ 8} The mandate of Bezak is plain, and we find no reason to depart from our recent decision and analysis in Bock. Further, other courts are in accord with Bezak and Bock. See, e.g., State v. McShepard, Lorain App. No. 06CA009024, 2008-Ohio-1460; State v. Lemieux, Cuyahoga App. No. 89678, 2008-Ohio-1253; State v. Powell, Mercer App. No. 10-07-12,2008-Ohio-1012; and State v. Martin, Hamilton App. No. C-070017,2007-Ohio-6662. Therefore, we adhere to our conclusion in Bock that a trial court must conduct an entirely new sentencing hearing when seeking to add the PRC notification to a sentence that originally lacked such. *Page 5 
 {¶ 9} In the alternative, the state argues that, even if Bock andBezak demand a de novo hearing regarding the entire sentence, the trial court here considered appellant's sentence and decided to resentence him to the same terms. However, after reviewing the trial court's comments in the record, we conclude the trial court did not believe it was required to conduct a de novo sentencing hearing. The trial court made numerous statements evincing its belief that it was required only to address the PRC notification and not conduct an entirely new sentencing hearing. For instance, the trial court made the following statements:
 * * * We are here today to correct an omission that had been made by the court at the time that Mr. Broadnax was sentenced. The omission was that the court failed to advise Mr. Broadnax about the post-release control aspects of the sentence.
 * * *
 Mr. Eldridge, I am sure you are aware of the constraints that are applied in situations of this sort as regards to modification of the sentence.
 * * *
 The sole focus of this hearing today is to provide the notification regarding post-release control.
 {¶ 10} In addition, appellant and the trial court engaged in the following conversation, which indicates the trial court's belief in the limited purpose of the hearing:
 THE DEFENDANT: Yes. First, I would like to know is this considered a resentencing hearing?
 THE COURT: It is a resentencing hearing.
 THE DEFENDANT: My original sentence has to be vacated in order to resentence me and be notified of this. *Page 6 
 THE COURT: It is a resentencing in the context of advising you. And I am limiting the hearing today to the issue of post-release control and that is it.
 {¶ 11} Further, in advising appellant of PRC and its terms, the trial court referred to the original sentence, which, pursuant toBezak, was void and to be treated as if it never existed:
 If [PRC] is revoked, you could be sent back to prison and be required to serve a second sentence. That second sentence could not be more than one half as long as the sentence that was originally imposed in this case.
The trial court's reference to the original sentence demonstrates that the trial court did not make a new sentencing determination at the hearing.
 {¶ 12} Despite these comments by the trial court, the state points to the court's following statement to support its claim that the trial court deemed the hearing to be a wholly new sentencing hearing:
 It is true the court has the authority — if I understand the situation correctly, the court has the authority to modify the sentence. But that authority is not limited to making the sentence shorter. I have the authority to make the sentence longer.
However, we disagree with the state's interpretation of these comments. The trial court indicated that it believed it had the authority to "modify" the original sentence, which is incorrect. Pursuant toBock and Bezak, the original sentence was null and void and presumed to have never occurred. The trial court here was required to resentence appellant as if there had been no sentence and did not merely have the option to "modify" the original void sentence. Therefore, we find the state's contentions unavailing. For these reasons, appellant's assignment of error is sustained. *Page 7 
 {¶ 13} Accordingly, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for a new sentencing hearing consistent with the mandates of Bezak and Bock.
Judgment reversed and cause remanded.
McGRATH, P.J., and TYACK, J., concur. *Page 1