The STATE of Ohio, Appellee,

v.

BRUCE, Appellant.

[Cite as *State v. Bruce*, 170 Ohio App.3d 92, 2007-Ohio-175.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060456.

Decided Jan. 19, 2007.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Elizabeth E. Agar, for appellant.

GUCKENBERGER, Judge.

{¶ 1} Jeffery Bruce appeals the sentence he received for voluntary manslaughter after his case was remanded by the Ohio Supreme Court[1] for resentencing consistent with *State v. Foster*.[2] At resentencing, he received ten years' incarceration, the same sentence originally imposed. We affirm.

## Background

{¶ 2} Bruce caused the death of his wife during an altercation on or about November 15, 2003. He was indicted for murder, but pleaded guilty to, and was convicted of, voluntary manslaughter, a first-degree felony.[3] He was originally sentenced on June 17, 2004, and after the remand, he was resentenced on May 23, 2006.

{¶ 3} In *Foster*, decided February 27, 2006, the Ohio Supreme Court held certain portions of Ohio's felony sentencing statutes unconstitutional. These included R.C. 2929.14(B), requiring the minimum prison term for an offense unless certain judicial findings were made,[4] and R.C. 2929.14(C), permitting the maximum prison term for an offense only in certain judicially determined situations.[5]

---

1. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 166.

2. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

3. R.C. 2903.03(B).

4. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph one of the syllabus, ¶ 61, and ¶ 83.

5. Id. at paragraph one of the syllabus, ¶ 64 and ¶ 83.

{¶ 4} The court "severed and excised" these provisions from Ohio's sentencing scheme.[6]  As a result, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences."[7]  *Foster* additionally directed that cases "on direct review" in which sentences were in violation of *Foster* "must be remanded to trial courts for new sentencing hearings not inconsistent with" the court's opinion.[8]

## Assignments of Error

{¶ 5} Bruce claims in his first assignment of error that "the retroactive application of [*Foster's*] remedy to persons who committed their criminal offenses prior to the release of *Foster* violates clearly established United States Supreme Court precedent regarding ex post facto and due process" concepts.  In his second assignment of error, Bruce claims that "[r]etroactive interpretation of Ohio sentencing statutes to increase Defendant's sentence from three years (the presumptive minimum) to ten years violates the rule of lenity in statutory interpretation."

## Analysis

{¶ 6} This court is bound to follow the decision of the Ohio Supreme Court in *Foster*.[9]  We "cannot overrule or modify *Foster*."[10]  We do not have jurisdiction to declare *Foster* unconstitutional.[11]

{¶ 7} Bruce's sentence of ten years' incarceration complied with *Foster*. Voluntary manslaughter is a first-degree felony.[12]  The statutory range of imprisonment for a first-degree felony is three to ten years.[13]  At resentencing,

---

6.  Id. at ¶ 97.

7.  Id. at paragraph seven of the syllabus and ¶ 100.

8.  Id. at ¶ 104.

9.  *State v. Green,* 11th Dist.  Nos. 2005–A–0069 and 2005–A–0070, 2006-Ohio-6695, 2006 WL 3703204, ¶ 21;  *State v. Alexander,* 10th Dist. No. 06AP–501, 2006-Ohio-6375, 2006 WL 3491781;  *State v. Grimes,* 4th Dist. No. 06CA17, 2006-Ohio-6360, 2006 WL 3480378, ¶ 8;  *State v. Doyle,* 12th Dist. No. CA2005–11–020, 2006-Ohio-5373, 2006 WL 2934289, ¶ 47;  *State v. Smith,* 2nd Dist. No. 21004, 2006-Ohio-4405, 2006 WL 2459101, ¶ 31;  *State v. Newman,* 9th Dist. No. 23038, 2006-Ohio-4082, 2006 WL 2270945, ¶ 11.

10.  *Newman,* 2006-Ohio-4082, 2006 WL 2270945, at ¶ 11.

11.  *State v. Durbin,* 2nd Dist. No. 2005–CA–134, 2006-Ohio-5125, 2006 WL 2790396, ¶ 42.

12.  R.C. 2903.03(B).

13.  R.C. 2929.14(A)(1).

the trial court was permitted to increase or decrease Bruce's original sentence within the appropriate felony range.[14] The court was not required to make findings or to give reasons for imposing the maximum sentence.[15]

### Ex Post Facto and Due Process Issues

{¶ 8} Moreover, the application of *Foster* to this case does not violate ex post facto and due process concepts. The Ex Post Facto Clause is a limitation on legislative powers.[16] It does not apply to the "Judicial Branch of government,"[17] "courts,"[18] or "judicial decisionmaking."[19] Retroactive judicial decision-making is limited by the due process concept of fair warning, not by the Ex Post Facto Clause.[20] With respect to judicial decisions, fair warning is violated when the judicial interpretation is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue."[21]

{¶ 9} Bruce had fair warning of the *Foster* decision. As *Foster* points out, *Apprendi v. New Jersey*[22] and *Ring v. Arizona*[23] were the beginnings of the United States Supreme Court's decisions declaring judicial fact-finding in the sentencing context unconstitutional.[24] Bruce committed voluntary manslaughter on or about November 15, 2003. *Apprendi* was decided June 26, 2000, and *Ring* was decided June 24, 2002, both well before Bruce's offense.

{¶ 10} *Foster* examined Ohio's felony sentencing structure in light[25] of *Apprendi* and *Blakely v. Washington*.[26] *Blakely* was decided June 24, 2004. *Foster*

---

14. See *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 105.

15. Id. at paragraph seven of the syllabus and ¶ 100.

16. *Rogers v. Tennessee* (2001), 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697.

17. Id.

18. Id. at 460, 121 S.Ct. 1693, 149 L.Ed.2d 697.

19. Id. at 462, 121 S.Ct. 1693, 149 L.Ed.2d 697.

20. Id. at 459, 121 S.Ct. 1693, 149 L.Ed.2d 697.

21. Id. at 461 and 462, 121 S.Ct. 1693, 149 L.Ed.2d 697, quoting *Bouie v. Columbia* (1964), 378 U.S. 347, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894.

22. (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

23. (2002), 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556.

24. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 3–4.

25. Id. at ¶ 1.

26. (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

then applied a severance remedy [27] based on *United States v. Booker*, decided January 12, 2005.[28] *Foster* was not "unexpected and indefensible by reference to the law which had been expressed prior" [29] to Bruce's offense.[30]

{¶ 11} The application of *Foster* to Bruce's sentencing does not violate due process for another reason. *Foster* did not change the elements of voluntary manslaughter. Nor did it change the potential punishment of three to ten years' incarceration for the offense.[31] Bruce was aware that his sentence within this range would depend on statutory considerations by the trial court.[32] These considerations have not changed.[33] As a result, Bruce was aware of the possible punishment he faced when he committed the offense and his due process rights were not violated.[34] Consequently, we overrule Bruce's first assignment of error.

### The Rule of Lenity

{¶ 12} In his second assignment of error, Bruce claims that the retroactive application of the judicially modified sentencing statutes to allow him to be incarcerated for the maximum term of ten years violates the rule of lenity. The rule of lenity is codified in R.C. 2901.04(A) and states that " * * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." [35]

---

27. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraphs two, four, and six of the syllabus and ¶ 1 and 92–102.

28. (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.

29. *Rogers*, 532 U.S. at 461–462, 121 S.Ct. 1693, 149 L.Ed.2d 697, quoting *Bouie*, 378 U.S. at 354, 84 S.Ct. 1697, 12 L.Ed.2d 894.

30. See *Green*, 2006-Ohio-6695, 2006 WL 3703204, at ¶ 22; *State v. Schweitzer*, 3rd Dist. No. 2–06–25, 2006-Ohio-6087, 2006 WL 3350776, ¶ 13; *State v. McGhee*, 3rd Dist. No. 17–06–05, 2006-Ohio-5162, 2006 WL 2796275, ¶ 17.

31. R.C. 2929.14(A)(1).

32. See, e.g., R.C. 2929.11; R.C. 2929.12; R.C. 2929.13; *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36–43.

33. See id. at ¶ 98 and 105; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38 (after *Foster*, court must consider R.C. 2929.11 and 2929.12 at sentencing).

34. *State v. Gibson*, 10th Dist. No. 06AP–509, 2006-Ohio-6899, 2006 WL 3775878, ¶ 18; *Grimes*, 2006-Ohio-6360, 2006 WL 3480378, at ¶ 10; *Doyle*, 2006-Ohio-5373, at ¶ 50; *State v. Paynter*, 5th Dist. CT2006–0034, 2006-Ohio-5542, 2006 WL 3020319, ¶ 40; *McGhee*, 2006-Ohio-5162, 2006 WL 2796275, at ¶ 16. See, also, *Smith*, 2006-Ohio-4405, 2006 WL 2459101, at ¶ 32–34 (same analysis, but concludes "*Foster* does not violate the ex post facto clause").

35. *Green*, 2006-Ohio-6695, 2006 WL 3703204, at ¶ 24; *Schweitzer*, 2006-Ohio-6087, 2006 WL 3350776, at ¶ 15.

{¶ 13} The rule of lenity does not change the result in Bruce's case. As the Third Appellate District has aptly stated, "While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states [sic]. [Citations omitted.] There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void in *State v. Foster, supra.* Therefore, the rule of lenity has no bearing on the present case because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes."[36] We, therefore, overrule Bruce's second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.