DECISION.
{¶ 1} Defendant-appellant Steffon Hill pleaded no contest to trafficking in cocaine and possession of cocaine, in violation of R.C.2925.03(A)(2) and R.C. 2925.11(A), respectively. The trial court convicted him of both counts and sentenced Hill to concurrent one-year prison terms. Hill now appeals. We reverse in part and remand this case for further proceedings consistent with this decision.
 {¶ 2} Hill was one of three passengers in a van that was pulled over by Officer Mark Longworth following a traffic violation. The driver had no operator's license, was carrying marijuana, and had an open container of liquor in the van. Longworth arrested the driver and ordered the passengers out of the van so that he could search it. Longworth testified that, before leaving the van, Hill quickly placed his hand underneath his body. The gesture was so abrupt that Longworth became fearful and drew his weapon.
 {¶ 3} Once Hill was out of the van, Longworth saw a baggie of cocaine where Hill had been seated. Hill told the officer "[I]t's mine." Hill maintained that his statement was made in response to Longworth, who had asked him, "What's this?" But Longworth testified that he could not recall saying anything to Hill prior to Hill's statement.
 {¶ 4} Longworth arrested Hill and read him the Miranda warnings. Hill then told Longworth that he had a bad drug habit. Hill later moved to suppress his statements and the cocaine. *Page 3 
 Motion to Suppress {¶ 5} In his first assignment of error, Hill contends that the trial court erred by denying his motion to suppress. We are unpersuaded.
 {¶ 6} Appellate review of a motion to suppress presents a mixed question of law and fact.[1] We must accept the trial court's findings of fact if they are supported by competent and credible evidence.[2]
With respect to the trial court's conclusions of law, however, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard.[3]
 {¶ 7} Hill first maintains that his admission that the cocaine was his should have been suppressed because he had been arrested but had not been given his Miranda[4] rights at the time he made the statement. But the trial court determined that Hill had not been arrested and that the statement was not the result of an interrogation. And Longworth's testimony supported those determinations. Under these facts, we conclude that Miranda was not implicated and hold that the trial court's decision not to suppress this statement was correct.[5]
 {¶ 8} Hill also asserts that his statement that he had a drug habit should have been suppressed as "fruit of the poisonous tree," because he would not have made a second statement if not for the illegally obtained first statement "its mine."[6] But because we have already determined that the first statement was not subject to *Page 4 
suppression, the poisonous-tree doctrine did not apply.[7] This argument has no merit.
 {¶ 9} Finally, Hill asserts that there was "no need" for the officer to have ordered him out of the car and that he "certainly had an expectation of privacy in the area immediately under his bottom as he was seated in the car." For these reasons, Hill contends, the trial court should have suppressed the cocaine from evidence. But Hill does not identify any recognized constitutional interest or violation in support of this argument, and we find none. The first assignment of error is overruled.
 Allied Offenses {¶ 10} In a supplemental assignment of error, Hill contends that the trial court committed plain error by convicting him of possession of cocaine, in violation of R.C. 2925.11, and trafficking in cocaine, in violation of R.C. 2925.03(A)(2), because they were allied offenses of similar import.[8] This assignment has merit.
 {¶ 11} On March 2, 2007, this court decided State v.Cabrales.[9] There, a panel of this court concluded that "[f]or a person to prepare for shipment or transport drugs, that person would necessarily have to possess the drugs."[10] Accordingly, that panel held that the offenses of possession and trafficking under R.C.2925.03(A)(2) were allied and of similar import. Cabrales is currently pending before the Ohio Supreme Court.
 {¶ 12} The state makes a compelling argument that Cabrales is "an aberration," and that this court should instead follow its earlier decision in State v. *Page 5 
 Foster.[11] There, a different panel of this court applied State v.Rance[12] and concluded that possession and trafficking under R.C.2925.03(A)(2) are not allied offenses because the trafficking statute has an additional element: that the possession of the drug must be incident to preparation for shipment, transportation, delivery, or distribution of the drug through a sale.[13] The state cites no fewer than 15 cases from this and other appellate districts in support of its position that Foster, and not Cabrales, properly applies theRance test to the offenses at issue here.
 {¶ 13} The state's argument has validity. But Cabrales is currently the law of this district, and we are bound to follow it. Accordingly, Hill's supplemental assignment of error is sustained. The judgment of the court of common pleas is reversed, and this cause is remanded for the trial court to enter a single conviction under either R.C.2925.11(A) or R.C. 2925.03(A)(2). Our judgment is stayed, however, pending the outcome of the Ohio Supreme Court's decision inCabrales.
 PAINTER, P.J., and WINKLER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 7, at ¶ 8.
[2] Burnside, supra; State v. Fanning (1982), 1 Ohio St.3d 19, 20,437 N.E.2d 583.
[3] Burnside, supra; State v. Hill (1998), 127 Ohio App.3d 265,712 N.E.2d 791.
[4] See Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.
[5] See Rhode Island v. Innis (1980), 446 U.S. 291, 100 S.Ct. 1682;State v. Tucker, 81 Ohio St.3d 431, 435-438, 1998-Ohio-438,692 N.E.2d 171.
[6] See Wong Sun v. United States (1963), 371 U.S. 471,83 S.Ct. 407.
[7] See id.
[8] See R.C. 2941.25(A).
[9] State v. Cabrales, 1st Dist. No. C-050682,2007-Ohio-857, discretionary appeal accepted, 114 Ohio St.3d 1410,2007-Ohio-2632, 867 N.E.2d 844.
[10] Id. at ¶ 36.
[11] State v. Foster, 1st Dist. No. C-050378,2006-Ohio-1567.
[12] (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.
[13] Foster, supra, at ¶ 16. *Page 1