OPINION *Page 2 
{¶ 1} Raising four assignments of error, defendant-appellant Lynn Roberts appeals from his convictions and sentences for trafficking in heroin, in violation of R.C. 2925.03(A)(2), and possession of heroin, in violation of R.C. 2925.11(A). A jury returned verdicts of guilty on both offenses, and the trial court imposed a cumulative sentence of five years' imprisonment. While we overrule each of Roberts's assignments of error, because the offenses of drug possession and drug trafficking under R.C. 2925.03(A)(2) are allied offenses of similar import, the trial court's sentences must be reversed.
 {¶ 2} A confidential police informant had observed Roberts sell heroin on a sidewalk near the Washington Park Elementary School. Roberts had approached a car, arranged terms of a deal, walked to a nearby abandoned building to retrieve the heroin, and then returned to exchange the heroin. When police arrived, the informant identified Roberts and led police to where Roberts had hidden his supply of heroin.
 {¶ 3} Although the informant had observed Roberts conduct a drug sale, the grand jury returned an indictment charging Roberts with possession of heroin and, in a second count, with trafficking in heroin by knowingly preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing heroin — a crime defined in R.C. 2925.03(A)(2). The indictment also alleged that Roberts had committed drug trafficking within the vicinity of a school, thus elevating the offense from a fourth-degree felony to a third-degree felony. At the beginning of trial, the parties stipulated to the weight of the heroin seized and that Roberts's actions took place within 600 feet of the elementary school.
 {¶ 4} Roberts's first assignment of error, in which he asserts that the trial court erred by permitting prosecutorial misconduct during closing argument, is overruled. *Page 3 
Because Roberts did not object to the prosecutor's remarks, we review the alleged misconduct only for plain error. To reverse Roberts's convictions, we must be persuaded that the remarks were improper and that Roberts would not have been convicted but for the alleged misconduct.[1] Here the prosecutor's remarks were fair commentary on the weight of the evidence and not an improper attempt to personally vouch for the credibility of the witnesses.
 {¶ 5} In two related assignments of error, Roberts challenges the sufficiency of the evidence to support his convictions. Roberts argues that despite the stipulation that the transaction had occurred within the vicinity of a school, the state failed to adduce evidence that Roberts knew that a school was nearby and thus recklessly disregarded the risk that school children would be in the area — an element of the state's proof under State v. Lozier.[2] The state counters that the evidence adduced at trial "allowed the jury to infer that Roberts either knew the school was there or was reckless in that regard. "[3]
 {¶ 6} But evidence of Roberts's mental state is now immaterial to a finding that the offense occurred in the vicinity of a school. In H.B. No. 163, effective September 23, 2004, the General Assembly modified the definition of an offense "committed in the vicinity of a school" that the court had interpreted in State v. Lozier .[4] R.C. 2925.01(P) now contains strict-liability language and provides that "[a]n offense is `committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises, regardless of whether theoffender knows the offense is being committed on school premises, in a *Page 4 
school building, or within one thousand feet of the boundaries of anyschool premises." (Emphasis added.)
 {¶ 7} Thus the record reflects substantial, credible evidence from which the trier of fact could have reasonably concluded that the state had proved all elements of the charged crimes beyond a reasonable doubt, including that the trafficking transaction had been committed in the vicinity of a school.[5] The trial court also properly denied Roberts's motion for a judgment of acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crimes charged had been proved beyond a reasonable doubt.[6] The second and third assignments of error are overruled.
 {¶ 8} Our review of the record also fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.[7] The state presented ample evidence, including the stipulation and the in-court testimony of the informant, to demonstrate that Roberts had possessed heroin and had prepared it for distribution and sale. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, the jury, in resolving conflicts in the testimony, could properly have found Roberts guilty of the charged crimes and thus did not lose its way.[8] The fourth assignment of error is overruled.
 {¶ 9} Pursuant to our review of the entire record mandated under Roberts's manifest-weight assignment of error, we note that the trial court separately convicted and *Page 5 
sentenced Roberts for trafficking in heroin, in violation of RC.2925.03(A)(2), and possession of heroin, in violation of RC. 2925.11(A). On March 2, 2007, one month after Roberts's appellate brief was filed, this court decided State v. Cabrales,[9] which held that the offenses of possession and trafficking under R.C. 2925.03(A)(2) were allied and of similar import. Appellate review of Cabrales is pending before the Ohio Supreme Court. In State v. Matthews, this court followedCabrales and expressly overruled a prior conflicting case from this appellate district to clarify that Cabrales is the law of this district.[10]
 {¶ 10} Accordingly, we overrule each of Roberts's assignments of error, but the trial court's sentences are reversed, and this cause is remanded for the trial court to enter a single conviction under either RC. 2925.11(A) or R.C. 2925.03(A)(2). The trial court's judgment is affirmed in all other respects.
Judgment accordingly.
PAINTER, P.J., and SUNDERMANN, J., concur.
[1] See Crim.R. 52(B); see, also, State v. Fears, 86 Ohio St.3d 329,332, 1999-Ohio-111, 715 N.E.2d 136.
[2] See 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, syllabus.
[3] Appellee's Brief at 7.
[4] See State v. Lozier at ¶ 38.
[5] See State v. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
[6] See Crim.R. 29; see, also, State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184.
[7] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[8] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[9] 1st Dist. No. C-050682, 2007-Ohio-857, discretionary appeal accepted, 114 Ohio St.3d, 1410, 2007-Ohio-2632, 867 N.E.2d 844.
[10] See State v. Matthews (Sept. 21, 2007), 1st Dist. Nos. C-060669 and C-060692, 2007-Ohio-___. *Page 1