DECISION. *Page 2 
{¶ 1} Defendant-appellant James Harris was convicted, following a jury trial, on seven counts of trafficking in drugs and one count of possession of drugs. One of the trafficking counts involved 21 bags of crack cocaine the police had found in Harris's coat pockets on January 5, 2002, during a search pursuant to his arrest. This trafficking count was based upon R.C. 2925.03(A)(2). Harris was convicted of possession of cocaine due to the same contraband. This count was based upon R.C.2925.11(A).
 {¶ 2} The trial court sentenced Harris to maximum, consecutive terms of incarceration, for an aggregate sentence of nine and one-half years in the Department of Corrections. Harris successfully appealed his sentence on the basis that the trial court had failed to make findings statutorily required at the time for consecutive terms of incarceration. On remand, the trial court imposed the same nine-and-a-half-year sentence. Harris also appealed this sentence. This court affirmed the sentence, noting that the trial court had made the requisite findings to support the imposition of consecutive terms.
 {¶ 3} Harris then appealed to the Ohio Supreme Court. The supreme court reversed Harris's sentence and remanded the cause for resentencing pursuant to its decision in State v. Foster.[1] In Foster, the supreme court held certain portions of Ohio's felony sentencing statutes unconstitutional and severed them from the remaining sentencing statutes.[2] These included R.C. 2929.14(B), requiring the minimum prison term for an offense unless certain judicial findings were made; R.C. 2929.14(C), permitting the maximum prison term for an offense only in certain *Page 3 
judicially determined situations; and R.C. 2929.14(E)(4), requiring additional judicial factfinding before the imposition of consecutive terms.[3]
 {¶ 4} After the supreme court's remand of Harris's case, the trial court held a post-Foster sentencing hearing. The trial court orally imposed the original nine-and-one-half-year sentence and specified that all terms were consecutive. But in the sentencing entry, the court failed to specify that the 18-month sentence for possession of cocaine was consecutive to the prison terms imposed on the other counts. Harris now appeals this sentence.
 {¶ 5} In his first assignment of error, Harris challenges the retroactive application of Foster's severance remedy to his case under the Ex Post Facto and Due Process Clauses of the United States Constitution. We find no merit to his challenge.
 {¶ 6} In State v. Bruce,[4] this court rejected similar arguments from a defendant resentenced pursuant to the decision inFoster. As in Bruce, we hold that Harris's resentencing did not violate ex post facto and due process principles.[5] Thus, we overrule the first assignment of error.
 {¶ 7} In his second assignment of error, Harris argues that the sentence imposed was disproportionate and unreasonable, and he asks this court to order a reduction.
 {¶ 8} Under Ohio's current sentencing laws, a trial court has discretion to impose any sentence within the statutory range for the crime committed and to impose maximum, consecutive, or more than minimum sentences, without making *Page 4 
any findings.[6] In this case, the record does not demonstrate that the court's imposition of consecutive, maximum terms within the statutory range was an abuse of this discretion.[7] Thus, the assignment of error is meritless, and we overrule it.
 {¶ 9} We next address Harris's third assignment of error. Harris argues that the trial court erred in convicting and sentencing him for both trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and possession of cocaine, in violation of R.C. 2925.11(A), because they were allied offenses of similar import. This argument has merit.
 {¶ 10} In State v. Cabrales, this court held that the offense of possession under R.C. 2935.11(A) and the offense of trafficking under R.C. 2925.03(A)(2) are allied and of similar import.[8]Cabrales is pending before the Ohio Supreme Court. In State v.Matthews, this court followed Cabrales and expressly overruled a prior conflicting case from this appellate district to clarify thatCabrales is the law of this district.[9]
 {¶ 11} Thus, based upon the Cabrales and the Matthews decisions, we sustain the third assignment of error. We reverse the sentences of the trial court with regard to these two counts and remand this case for the trial court to sentence Harris under either R.C. 2925.11(A) or R.C.2925.03(A)(2).
 {¶ 12} We note that the trial court failed to specify in the sentencing entry that Harris's prison term for the possession conviction was to be consecutive to the *Page 5 
prison terms imposed for the other offenses. The court's failure appears to be a correctable clerical error because the court clearly ordered all the terms to be served consecutively at the sentencing hearing. But the issue is moot at this juncture because we have vacated Harris's sentence for this offense.
 {¶ 13} For the foregoing reasons, we vacate the sentences imposed by the trial court for the offenses of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and possession of cocaine in violation of R.C.2925.11(A), and we remand this case for the imposition of only one sentence for these allied offenses.
 {¶ 14} In all other respects, the trial court's judgment is affirmed.
Judgment affirmed in part and reversed in part, and cause remanded.
HILDEBRANDT, P. J., CUNNINGHAM and DINKELACKER, JJ.
[1] 109 Ohio St.3d 1, 2006-Ohio-856, 485 N.E.2d 470.
[2] Id.
[3] Id.
[4] 170 Ohio App.3d 92, 2007-Ohio-175, 866 N.E.2d 44, at ¶ 10-11.
[5] Id.; see, also, State v. Lochett, 1st Dist. No. C-060404,2007-Ohio-308, at ¶ 9-12.
[6] State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus; State v. Foster, supra, at paragraph seven of the syllabus.
[7] See Mathis, 2006-Ohio-855, at ¶ 37-38; State v. Ashipa, 1st Dist. No. C-060411, 2007-Ohio-2245, at ¶ 14.
[8] 1st Dist. No. C-050682, 2007-Ohio-857, discretionary appeal accepted, 114 Ohio St.3d 1410, 2007-Ohio-2632, 867 N.E.2d 844.
[9] State v. Matthews, 1st Dist. Nos. C-060669 and C-060692,2007-Ohio-4881, at ¶ 35; see, also, State v. Hill, 1st Dist. No. C-060711, 2007-Ohio-4465, at ¶ 10-13. *Page 1