OPINION. *Page 2 
{¶ 1} Defendant-appellant McAaron Martin appeals from the convictions and sentences imposed for one count of trafficking in cocaine and for three counts of possession of cocaine, following a remand from this court. Because Martin's sentencing hearing did not properly include notice of postrelease control, and because the trial court imposed punishment for two allied offenses of similar import, we vacate the sentences and remand the case for resentencing.
 {¶ 2} In 2003, Martin was arrested after police officers observed him selling crack cocaine on the streets of Cincinnati. A search of Martin's apartment revealed additional quantities of crack cocaine and marijuana. The Hamilton County Grand Jury returned an indictment charging Martin with seven felony drug offenses including trafficking in cocaine and possession of both cocaine and marijuana. Counts one and two alleged offenses committed when Martin had sold cocaine to the occupant of a silver BMW automobile. Counts three and four charged Martin with possession of the various amounts of cocaine found during subsequent searches.
 {¶ 3} Ultimately, Martin was convicted, following a jury trial, of possession of cocaine, in violation of R.C. 2925.11(A), as alleged in count one, and of trafficking in cocaine, in violation of R.C.2925.03(A)(2), as alleged in count two. The trial court accepted Martin's pleas of guilty to possession of cocaine, as alleged in counts three and four. All remaining counts of the indictment were dismissed.
 {¶ 4} In 2005, the trial court imposed a nine-year prison term for trafficking in cocaine and a consecutive three-year prison term for the possession conviction that derived from the street sale of cocaine. The trial court also imposed an agreed three-year prison term for each of the two remaining possession convictions and ordered those terms *Page 3 
to be served concurrently with the sentences imposed for counts one and two. Martin appealed.
 {¶ 5} In October 2006, this court overruled each of his assignments of error addressing the findings or verdicts of guilt, but because the trial court had imposed non-minimum, consecutive sentences in violation of the dictates of the Ohio Supreme Court announced in State v.Foster,[1] we vacated the sentences imposed and remanded the case for resentencing.[2]
 {¶ 6} In January 2007, the trial court correctly conducted a complete, de novo sentencing hearing. At the conclusion of the hearing, the trial court imposed the same sentences previously ordered. The trial court also addressed Martin and stated, "If you're placed on post-release control on these counts and if you violate any of the terms and conditions of your post-release control, the Parole Authority can, over time, give you an additional year in the state penitentiary."
 {¶ 7} Martin argues, in his second assignment of error, that the trial court erred when it provided an inaccurate and incomplete notice of postrelease control at the January 2007 sentencing hearing. We agree.
 {¶ 8} In State v. Bezak, the Ohio Supreme Court held that when "postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense."[3] Unlike the supreme court's previous pronouncement that a trial court's statement at sentencing must merely "notify" a defendant that he "could be subject to post-release control" to pass muster,[4]
in Bezak the court characterized a trial court's failure to correctly inform a defendant that "he *Page 4 
is subject to post-release control"[5] as a failure to carry out its statutory duties and the functional equivalent of a "failure to inform the offender at the sentencing hearing."[6]
 {¶ 9} As in Bezak, the trial court's statement to Martin in this case failed to identify the length or the mandatory or discretionary nature of postrelease control.[7] For example, R.C. 2929.19(B)(3)(c) and2967.28(A)(1) require a mandatory five-year period of postrelease control for those convicted of a first-degree felony such as trafficking in cocaine as charged in count two.
 {¶ 10} The trial court also incorrectly told Martin that he could be subject to up to one year of additional imprisonment. Under R.C.2967.28(F), for repeated violation of the conditions of postrelease control, the parole authority could impose a prison term of up to 50% of the original term, or four and one-half years for count two alone. That the journal entries in this case correctly identified the length and mandatory nature of, and the possible sanctions relating to, postrelease control did not cure the trial court's failure to properly inform Martin at the sentencing hearing.[8]
 {¶ 11} The sentences imposed for counts one, two, three, and four are void under the rule of State v. Bezak, and they "must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence."[9] The second assignment of error is sustained.
 {¶ 12} In his third assignment of error, Martin contends that the trial court erred in imposing sentence on both count one and count two, as under this court's decision in State v. Cabrales,[10] trafficking in cocaine, in violation of R.C. *Page 5 2925.03(A)(2), and possession of cocaine, in violation of R.C.2925.11(A), are allied offenses of similar import. This assignment of error is also well taken.
 {¶ 13} On the authority of State v. Matthews,[11] we sustain the assignment of error, and we vacate the multiple sentences imposed on counts one and two, and remand the case to the trial court to enter a single conviction and sentence under either R.C. 2925.11(A) or R.C.2925.03(A)(2).
 {¶ 14} Martin's first assignment of error, in which he contends that the trial court should have applied the sentencing scheme in effect at the time that he had committed his offenses, and that the trial court's application of State v. Foster violated due process and the Ex Post Facto Clause, is overruled. This court has previously determined that the application of State v. Foster does not violate due process or the Ex Post Facto Clause.[12]
 {¶ 15} Accordingly, we vacate the sentences imposed by the trial court for each felony offense and remand the case to the trial court for a full sentencing hearing. Upon remand, the trial court may enter a single conviction under either count one, R.C. 2925.03(A)(2), or count two, RC.2925.11(A). The trial court is free to impose any lawful sentence for the offenses charged in counts three and four, as they are not allied offenses of similar import to any other offense. The trial court's judgment is affirmed in all other respects.
Judgment accordingly.
HENDON, P.J., and DINKELACKER, J., concur.
[1] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 103-104.
[2] See State v. Martin, 1st Dist. No. C-050584, 2006-Ohio-5263.
[3] 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus.
[4] See Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082,857 N.E.2d 78, at ¶ 46.
[5] State v. Bezak at ¶ 5.
[6] Id. at ¶ 6.; see, e.g., State v. White, 1st Dist. No. C-060842,2007-Ohio-6335, at ¶ 1; State v. Lester, 3rd Dist. No. 2-06-31,2007-Ohio-4239, at ¶ 12.
[7] See State v. Bezak at ¶ 3.
[8] See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 27.
[9] State v. Bezak at ¶ 16.
[10] 1st Dist. No. C-050682, 2007-Ohio-857, discretionary appeal allowed, 114 Ohio St.3d 1410, 2007-Ohio-2632, 867 N.E.2d 844.
[11] 1st Dist. Nos. C-060669 and C-060692, 2007-Ohio-4881, at ¶ 33-35; see, also, State v. Roberts, 1st Dist. No. C-060756, 2007-Ohio-4882, at ¶ 9.
[12] See State v. Bruce, 170 Ohio App.3d 92, 2007-Ohio-175,866 N.E.2d 44, at ¶ 10-11, discretionary appeal not allowed, 113 Ohio St.3d 1492,2007-Ohio-1986, 865 N.E.2d 915; see, also, State v. Lochett, 1st Dist. No. C-060404, 2007-Ohio-308, at ¶ 9-12. *Page 1