JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant-appellant, Rayshown Bell, appeals from the consecutive three-year sentences imposed upon him following his pleas of guilty to one count of child endangering and one count of attempted child endangering. He argues that the court's imposition of consecutive sentences in excess of the statutory minimum, available terms of imprisonment violated his due process rights by retroactively applying the remedy created by the Ohio Supreme Court in State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, and by depriving him of his right to a trial by jury. We find no error in the sentence imposed. Therefore, we affirm.
 {¶ 2} Appellant was charged in a five-count indictment filed October 11, 2006, with one count of felonious assault and four counts of endangering children. He entered a plea of guilty to one count of endangering children and one count of attempted endangering children; the remaining charges were dismissed. In a judgment entry filed October 1, 2007, the court sentenced appellant to three years' imprisonment on each of the two counts, to be served consecutively, for a total of six years' imprisonment. Appellant now appeals. *Page 5 
 {¶ 3} Appellant contends that application of the Foster remedy to defendants whose criminal conduct pre-dates the release of theFoster decision violates the constitutional prohibition against ex post facto laws and the defendants' due process rights. He claims that whileFoster correctly determined that it was a denial of the defendant's right to a jury trial for the court to make findings of fact to overcome the statutory presumptions in favor of minimum, concurrent terms of imprisonment, the Foster court's elimination of the presumptions themselves increased the punishment accompanying a crime, and was therefore an ex post facto law which could not be applied retroactively to defendants whose crimes were committed before Foster was decided.
 {¶ 4} As appellant is undoubtedly aware, this court and the other Ohio appellate courts have repeatedly and emphatically rejected these arguments. The Ohio Supreme Court has declined to revisitFoster. See, e.g., State v. Bruce, 170 Ohio App.3d 92, 2007-Ohio-175, discretionary appeal not allowed, 113 Ohio St.3d 1492, 2007-Ohio-1496;State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1459, 2007-Ohio-5567; State v.McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, discretionary appeal not allowed, 112 Ohio St.3d 1491, 2007-Ohio-724. Elimination of a presumption in no way increases the punishment; the range of sentences available is the same. By contrast, appellant's argument would, in effect, *Page 6 
eliminate the range of sentences available under R.C. 2929.14(A) and convert a presumptive sentence into a statutory maximum, a result clearly not intended by the General Assembly. See Foster, at ¶ 88-89;Mallette, at ¶ 46. Accordingly, we overrule the appellant's assignments of error and affirm the trial court's judgment.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1