JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant-appellant, Mark Bingham, appeals from the judgments of conviction and sentences imposed upon him following his plea of guilty to each count in the twelve-count indictment. He urges that the court erred by imposing a sentence on certain merged counts in excess of the statutory minimum. We find no error in the court's judgment and affirm appellant's convictions and sentences.
 {¶ 2} Appellant was charged in a twelve-count indictment filed August 4, 2005, with one count of involuntary manslaughter with a notice of prior conviction and a repeat violent offender specification (Count 1); three counts of failure to comply with the order or signal of a police officer (Counts 2, 3, and 4); one count of failure to stop after an accident (Count 5); two counts of aggravated vehicular homicide, each carrying a notice of prior conviction and a repeat violent offender specification (Counts 6 and 7); two counts of aggravated vehicular assault (Counts 8 and 9); two counts of vehicular assault (Counts 10 and 11); and one count of driving under the influence (Count 12). At a hearing held January 17, 2006, he entered a plea of guilty to (1) the involuntary manslaughter charge (Count 1), which was amended to delete the notice of prior conviction and the repeat violent offender specification, (2) one of the counts charging failure to comply with the order or signal of a police officer (Count 4), (3) one of the counts of aggravated vehicular homicide (Count 6), which was amended to delete the notice of prior conviction and the repeat violent offender specification, (4) two counts of aggravated vehicular assault (Counts 8 and 9), and (5) one count of driving under the influence (Count 12). The remaining counts were nolled. The court subsequently *Page 5 
sentenced appellant to a total of fourteen years' imprisonment, including ten years on the involuntary manslaughter charge (Count 1), four years on the charges of failure to comply (Count 4), eight years on the aggravated vehicular assault charge (Count 6), four years on the aggravated vehicular assault charges (Counts 8 and 9), and six months on the driving under the influence charge (Count 12). The sentences were to run concurrent to one another except for the sentence on Count 4, which ran consecutively.
 {¶ 3} On appeal, this court reversed and remanded the case because appellant was not informed at the plea hearing of the length of the period of post-release control. On remand, appellant plead guilty to the indictment. He was sentenced to a total of fourteen years' imprisonment, including ten years on Count 1, eighteen months on Count 2, four years on each of Counts 3 and 4, six months on Count 5, eight years on Count 6, five years on each of Counts 7, 8, 9, 10, and 11, and six months on Count 12. Counts 1, 6, and 7 merged for sentencing, as did Counts 2, 3, and 4, Counts 8 and 10, and Counts 9 and 11. The sentence on Counts 2, 3, and 4 was to run consecutively; the remaining counts were to run concurrently, for a total of fourteen years.
 {¶ 4} Appellant appeals only the sentence imposed on merged Counts 2, 3, and 4. He asserts that because he committed his crimes before the Ohio Supreme Court released its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, retroactive application of Foster to him would violate his federal due process rights and the state constitutional provision against retroactive laws. Therefore, he claims, the trial court could only sentence him to minimum concurrent terms of one year's imprisonment on those charges. *Page 6 
 {¶ 5} A retroactive law is not necessarily unconstitutional. "A substantive retroactive law is unconstitutional, while a remedial retroactive law is not.* * * A statute is substantive if it `impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.'" Smith v. Smith, 109 Ohio St.3d 285, 2006-Ohio-2419, ¶ 6.
 {¶ 6} This court and the other Ohio appellate courts have repeatedly and emphatically rejected appellant's argument that Foster is an unconstitutional retroactive law. The Ohio Supreme Court has declined to revisit Foster. See, e.g., State v. Bruce, 170 Ohio App.3d 92,2007-Ohio-175, discretionary appeal not allowed, 113 Ohio St.3d 1492,2007-Ohio-1496; State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1459,2007-Ohio-5567; State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162, discretionary appeal not allowed, 112 Ohio St.3d 1491,2007-Ohio-724. Elimination of a presumption does not impair any vested right or affect any accrued substantive right. Furthermore, elimination of a presumption in no way increases the punishment; the range of sentences available is the same. By contrast, appellant's argument would, in effect, eliminate the range of sentences available under R.C. 2929.14(A) and convert a presumptive sentence into a statutory maximum, a result clearly not intended by the General Assembly. SeeFoster, at ¶ 88-89; Mallette, at ¶ 46. Accordingly, we overrule the appellant's assignment of error and affirm the trial court's judgment.
 It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and COLLEEN CONWAY COONEY, J., CONCUR. *Page 1