THE STATE OF OHIO, APPELLEE, *v.* ROBERTS, APPELLANT.

[Cite as *State v. Roberts,* 123 Ohio St.3d 465, 2009-Ohio-5800.]

*Court of appeals' judgment reversed — Appellant ordered released from custody.*

(No. 2009-0299 — Submitted November 3, 2009 — Decided November 5, 2009.)

APPEAL from the Court of Appeals for Hamilton County, No. C-080571,

180 Ohio App.3d 216, 2008-Ohio-6827.

_____

**Per Curiam.**

{¶ 1}   Appellant, Lynn Roberts, was convicted of possession of heroin and trafficking in heroin.  On August 29, 2006, appellant was sentenced to a five-year sentence for trafficking and 18 months for possession, the sentences to be served concurrently.  Appellant appealed to the First District Court of Appeals on September 8, 2006.  While his appeal was pending, the Department of Corrections and Rehabilitation ("department") determined that appellant was a good candidate for placement in an intensive program prison ("IPP") in lieu of serving the sentence ordered by the court.

{¶ 2}   In order to place appellant in IPP, the department was required to inform the sentencing court of its recommendation.  R.C. 5120.032(B)(1)(a).  That requirement puts the court on notice and gives the court the opportunity to "veto" the placement in IPP.  Id.  If the court takes no action after ten days, the department may proceed with placement in IPP.  Id.

{¶ 3}   The department faxed the notice of appellant's recommended placement to the sentencing court.  The confirmation of this fax is contained in the record.  After receiving no response from the court, the department placed appellant in the IPP program.  Appellant successfully completed IPP on July 18, 2007, and was released.

**{¶ 4}** On September 21, 2007, the court of appeals sua sponte held that the trial court had failed to merge the two convictions for sentencing purposes and remanded the case to the trial court for a new sentencing hearing. *State v. Roberts*, Hamilton App. No. C-060756, 2007-Ohio-4882, ¶ 9-10. Accordingly, the trial court ordered the department to produce appellant for a new sentencing hearing. However, appellant had completed IPP and had been released.

**{¶ 5}** Appellant moved to dismiss the resentencing, but the trial court denied his motion. The trial court determined that the department had not properly given notice of the proposed IPP placement and entered a new sentence of five years. The trial court ordered appellant to serve the prison sentence, allowing credit for time served. On appeal, the court of appeals affirmed the trial court's sentence.

**{¶ 6}** R.C. 5120.032(B)(1)(a) provides: "If the prisoner is suited for an intensive program prison, at least three weeks prior to placing the prisoner in the prison, the department shall notify the sentencing court of the proposed placement of the prisoner in the intensive program prison and shall include with the notice a brief description of the placement. The court shall have ten days from receipt of the notice to disapprove the placement. If the sentencing court disapproves the placement, the department shall not proceed with it. If the sentencing court does not timely disapprove of the placement, the department may proceed with plans for it."

**{¶ 7}** Following oral argument and our review of the record and the briefs, we conclude that the state has failed to prove that the sentencing court never received notice of the intended placement of appellant in an intensive program prison. Having received no objection from the sentencing court, the department was authorized to place appellant in an intensive program prison and thereafter to release him consistent with R.C. 5120.032(B)(1)(b). Therefore, we

reverse the judgment of the court of appeals and order appellant's immediate release.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Louis F. Strigari, Hamilton County Public Defender, and Robert R. Hastings Jr., Assistant Public Defender, for appellant.

Timothy Young, Ohio Public Defender, and Katherine A. Szudy, Assistant Public Defender, urging reversal for amicus curiae, Ohio Public Defender.

_____